**Joseph A. Grube**, WSBA# 26476
joe@go-trial.com
**Karen Orehoski**, WSBA #35855
karen@go-trial.com
Grube Orehoski, PLLC
1200 Fifth Avenue, Suite 1711
Seattle, WA 98101
Tel: 206.770.7606/ Fax: 206.770.7607
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
SPOKANE DIVISION

| | |
|---|---|
| KENNETH WHITTLE<br><br>                    Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br><br>                    Defendant | **NO.**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.      BNSF Railway Company ("BNSF") maximizes its profits by operating twenty-four hours a day, 365 days a year. Rather than hiring enough employees to adequately staff an operation of this scale, BNSF instead relies on employees in certain crafts to always be on call. Many of these employees rely on the Family and Medical Leave Act, 29 U.S.C. 21 § 2601 *et seq.*, to ensure they can care for themselves or their loved ones when ill.

2.      The use of FMLA necessitates BNSF employing more employees than would otherwise be the case, thereby decreasing its profit. To discourage employees from exercising their FMLA rights, BNSF has engaged in a pattern and practice of discriminating against its

employees who use FMLA leave. BNSF's pattern of FMLA discrimination includes retaliating against employees who take FMLA leave, such as Kenneth Whittle, who BNSF terminated for taking leave despite knowing he had taken it for an FMLA-qualifying event.

## PARTIES

3.    Whittle lived and worked in this district while employed for BNSF.

4.    BNSF is headquartered in Fort Worth, Texas.

## JURISDICTION & VENUE

5.    This Court has jurisdiction over Whittle's claims under 28 U.S.C. § 1331.

6.    Venue is proper under 28 U.S.C. § 1391 because Whittle worked for BNSF in this district, BNSF operates in this district, and the illegal conduct occurred in this district.

## FACTUAL ALLEGATIONS

7.    BNSF hired Whittle as a Conductor in August 2013.

8.    Whittle is a military veteran.

9.    As a result of his military service, Whittle suffers from post-traumatic stress disorder (PTSD).

10.    When Whittle suffers a flare up of his PTSD, he cannot safely do his job.

11.    Accordingly, Whittle would regularly seek treatment to cope with his PTSD.

12.    Because Whittle suffered from ongoing medical conditions that required continuing treatment by a healthcare provider, Whittle applied for FMLA leave, which BNSF approved.

13.    Thereafter, BNSF ordered Whittle to complete fitness-for-duty evaluations for his PTSD.

COMPLAINT
PAGE 2 OF 6

GRUBE ‖ OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

14.     Because he was ordered to do fitness-for-duty evaluations relating to his PTSD, Whittle laid off on FMLA leave accordingly.

15.     In November 2023, BNSF approved Whittle to mark off on FMLA leave 3 times a month for a duration of 2 days for flare-ups, and 3 times a month for a duration of 2 days for treatments.

16.     Whittle's local manager, however, told him that his approval meant he could mark off the total twelve days per month regardless of duration.

17.     As a result of this conversation, and Whittle's increased need based on BNSF's fitness-for-duty, Whittle marked off on FMLA leave more than his approval estimated in March 2024.

18.     BNSF subsequently accused Whittle of violating its attendance policy and, after a perfunctory hearing, terminated him.

19.     Whittle could not be disciplined unless a hearing was first held pursuant ot his union's collective bargaining agreement with BNSF; however, the hearings are more of a procedural than a substantive hurdle to discipline. Hearing officers, who act as both prosecutor and judge, are members of management who are appointed by the company. Hearing officers have no legal training, charged employees have no legal counsel present, the rules of evidence do not apply, and employees are frequently found responsible based entirely on hearsay. The company can compel witnesses to appear, but employees cannot. The company may conduct an investigation prior to the hearing but does not provide any discovery—not to mention exculpatory evidence—to the employe charged. And the hearings typically take less than one day. It is well known that these hearings aways are decided in favor of the railroad.

COMPLAINT
PAGE 3 OF 6

GRUBE ‖ OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

20.    BNSF did not consider that its fitness for duty orders caused Whittle to lay off on FMLA leave more often.

21.    BNSF did not consider that Whittle's local manager told him he could mark off twelve days over the course of the month for his condition, regardless of durations set in his approval.

22.    BNSF did not ask Whittle what his marks off were for before his charge, neither did BNSF ask Whittle to recertify his leave with his healthcare provider upon its suspicion of misuse.

23.    Instead, BNSF terminated Whittle.

## CAUSE OF ACTION

24.    Section 2612(a)(1) of the FMLA entitles employees to up to twelve weeks of leave during any twelve-month period for certain reasons, including the employee's serious health condition.

25.    Section 2615(a)(2) of the FMLA makes it unlawful for "any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the Act]."

26.    BNSF interfered with, restrained, denied the exercise of the protected rights of, and discriminated against Whittle's rights under the FMLA when, among other things, it terminated him for taking leave for his FMLA-qualifying condition.

27.    Because BNSF violated the FMLA, Whittle is entitled to compensatory damages for loss of income, including back pay, lost benefits, consequential damages, and front pay, as well as liquidated damages, declaratory and injunctive relief, reinstatement, and other damages.

COMPLAINT
PAGE 4 OF 6

Whittle is also entitled to attorneys' fees, costs, and interest incurred in connection with these claims.

28.    BNSF committed the above-alleged acts with reckless or deliberate disregard for Whittle's rights. As a result, he is entitled to an additional number of liquidated damages.

### REQUEST FOR RELIEF

WHEREFORE, Whittle prays for relief as follows:

A.  An order expunging all discipline relating to the use of FMLA from Whittle's work records, and reinstating Whittle;

B.  An order requiring BNSF to pay Whittle an award for compensatory damages, damages from loss of income, back pay, lost benefits, consequential damages, front pay, liquidated damages, and other damages in an amount to be determined by the trier of fact;

C.  An order requiring BNSF to pay to Whittle an awrd for costs (including litigation and expert costs), disbursements, interest, and attorneys' fees;

D.  An order enjoining BNSF from charging employees for marking off accordingly when their FMLA-qualifying condition has changed in any given month;

E.  Such other relief as the Court deems just and proper.

//

//

//

//

COMPLAINT
PAGE 5 OF 6

Dated: June 15, 2026

GRUBE OREHOSKI, PLLC
By: */s/ Joseph A. Grube*
**Joseph A. Grube, WSBA #26476**
*/s/ Karen Orehoski*
**Karen Orehoski, WSBA #35855**
1200 Fifth Avenue, Suite 1711
Seattle, WA 98101
Phone: (206) 770-7606
joe@go-trial.com
karen@go-trial.com
Attorneys for Plaintiff


**CASEY JONES LAW FIRM**

/s/ *Gracie L. Wendt*
Gracie L. Wendt (WI 1142856)*
Nicholas D. Thompson (WI 1078903)*
525 Junction Road, Suite 6500
Phone: (872) 201 4244
Email: gwendt@caseyjones.law
Email: nthompson@caseyjones.law


   *Pro Hac Vice forthcoming


   **Plaintiff hereby demands trial by jury.**

COMPLAINT
PAGE 6 OF 6

GRUBE ‖ OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607